UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORGE KERSEY,<br><br>   Plaintiff,<br><br>   v.<br><br>DONALD TRUMP,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 23-cv-12018-DJC<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

**CASPER, J.**                                 **February 26, 2024**

   Plaintiff George Kersey ("Kersey"), who is proceeding *pro se*, brings this action against former president Donald Trump ("Trump"), alleging that Trump defamed him. For the reasons set forth below, the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

   On November 20, 2023, the Court entered an order allowing Kersey's motion for leave to proceed *in forma pauperis* and ordered him to file an amended complaint. D. 5. The Court found that the original complaint did not state a claim for defamation because it did not (1) identify the allegedly false statement of fact Trump made regarding him; (2) identify the manner in which Trump published the false statement to a third party; and (3) allege that any false statement Trump made about him was capable of damaging his reputation and injured him.

   Kersey has filed an amended complaint, D. 6, in which he alleges that Trump made a false statement of fact about him by stating in a news conference, "I'm coming after you" in reference to "people like Plaintiff who took or were taking action against Trump for his violations of the U.S. Constitution." Id. ¶ 1. Kersey claims that this statement damaged his reputation because he

1

"has dealt with Trump supporters who disagree with Plaintiff and have openly expressed their opposition to him." Id. ¶ 3. These Trump supporters allegedly "have expressed their dislike of Plaintiff and do not wish to associate with him." Id. ¶ 4. Kersey further alleges that Trump "indicated [in an interview] he may sue the Federal Govt. to pursue his critics," id. ¶ 5, "said he would weaponize the FBI and the Justice Dept[.] on his opponents," id. ¶ 6, "referred to his enemies as 'vermin,'" id. ¶ 7, "urged a rally to 'knock the crap out of hecklers,'" id. ¶ 8, and stated that, "[g]iven the opportunity, [he] will get even with some people who were disloyal to [him]," id. ¶ 10.

Kersey's allegations fail to state a claim for defamation because he has not alleged that Trump made any statement (false or otherwise) about him in particular. To state a claim for defamation under Massachusetts law, a plaintiff must allege, among other things, that the defendant made a statement "regarding the plaintiff," Salmon v. Lang, 57 F.4th 296, 319 (1st Cir. 2022) (quoting Zeigler v. Rater, 939 F.3d 385, 392 (1st Cir. 2019)). That is, "if the person is not referred to by name or in such manner as to be readily identifiable from the descriptive matter in the publication, extrinsic facts must be alleged and proved showing that a third person other than the person [defamed] understood it to refer to him." HipSaver, Inc. v. Kiel, 464 Mass. 517, 528 (2013) (quoting Brauer v. Globe Newspaper Co., 351 Mass. 53, 56 (1966)). Moreover, "in those circumstances where the alleged defamatory statement is directed at a group, rather than a particular person, 'an individual member of the defamed class cannot recover for defamation unless the group or class is so small that the matter can reasonably be understood to refer to the member, or . . . the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member.'" Id. (alteration in original) (internal quotation marks omitted) (quoting Eyal v. Helen Broad. Corp., 411 Mass. 426, 430 n.6 (1991)).

Here, Kersey does not allege that Trump made any objectionable statement in which he explicitly identifies Kersey.  In addition, the allegedly defamed class to which Kersey belongs—"people like Plaintiff who took or were taking action against Trump for his violations of the U.S. Constitution," D. 6 ¶ 1—is not so small that Trump's statement reasonably could be understood to refer to Kersey in particular.   In addition, Kersey does not allege any facts about the circumstances in which Trump made the allegedly defamatory statements which reasonably suggest that the statements referred to Kersey in particular.

For at least these reasons, that the amended complaint does not adequately plead that Trump's allegedly false statements were in regard to Kersey as legally required for a defamation claim,[1] the Court DISMISSES this action because the amended complaint fails to state a claim upon which relief may be granted.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge

---

[1] In light of dismissal on this basis, the Court does not need to reach the other, requisite elements of a defamation claim.